1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7     JOHN MULDOON,                           Case No.  15-cv-02723-PJH

8                      Plaintiff,
                                              **ORDER GRANTING JOHN MUIR'S**
9            v.                               **MOTION TO DISMISS**

10    DEPUY ORTHOPAEDICS, INC., et al.,       Re: Dkt. No. 48

11                     Defendants.

12

13          Before the court is defendant John Muir Health's ("John Muir") motion to dismiss

14    and strike.  Dkt. 48.  The matter is fully briefed and suitable for decision without oral

15    argument.  Having read the parties' papers and carefully considered their arguments and

16    the relevant legal authority, and good cause appearing, the court hereby rules as follows.

17                                          **BACKGROUND**

18          This action was filed by plaintiff John Muldoon on June 17, 2015.  Dkt. 1.  The

19    operative Second Amended Complaint ("SAC", Dkt. 42) alleges eighteen (18) causes of

20    action against numerous defendants, all related to damages plaintiff alleges he suffered

21    from his hip-replacement surgery conducted in 2007.  The named defendants are

22    Dr. David Dodgin, M.D. (the surgeon who performed the hip implant procedure in 2007),

23    John Muir Health (the facility at which the 2007 procedure was performed), and

24    defendants responsible for producing and/or manufacturing the hip components that were

25    used:  DePuy, Inc., Johnson & Johnson International, Inc., Johnson & Johnson Services,

26    Inc., and Johnson & Johnson and Medical Device Business Services, Inc. f/k/a DePuy

27    Orthopaedics, Inc. (together, "DePuy" or the "DePuy defendants").

28          On January 19, 2024, defendant John Muir filed the instant motion to dismiss all

United States District Court
Northern District of California

1    claims alleged against it.  Dkt. 48.  On February 8, plaintiff opposed the motion.  Opp.,

2    Dkt. 60.  On February 15, John Muir filed its reply.  Dkt. 61.

3         The SAC alleges the following causes of action:  (1) negligence against DePuy

4    defendants; (2) strict product liability, manufacturing defect against DePuy defendants;

5    (3) strict product liability, design defect against DePuy defendants; (4) strict product

6    liability, failure to warn against DePuy defendants; (5) strict product liability, failure to test

7    against DePuy defendants; (6) strict product liability, breach of express warranty against

8    DePuy defendants; (7) strict product liability, breach of implied warranty against DePuy

9    defendants; (8) fraud, intentional misrepresentation against DePuy defendants;

10   (9) negligent misrepresentation against DePuy defendants; (10) false advertising against

11   DePuy defendants; (11) violation of consumer legal remedies act against DePuy

12   defendants; (12) violation of unfair competition law against DePuy defendants; (13) civil

13   RICO against all defendants; (14) negligence, medical malpractice against Dodgin and

14   John Muir; (15) negligent supervision against John Muir; (16) medical malpractice, lack of

15   informed consent against Dodgin and John Muir; (17) breach of fiduciary duty against

16   Dodgin and John Muir; and (18) battery against Dodgin and John Muir.

17        John Muir moves to dismiss Claims 13–18, which constitute all claims alleged

18   against it.

19   **A.     Procedural Background**

20        On June 17, 2015, plaintiff brought this case as a class action.  With motions to

21   dismiss pending by Dodgin and John Muir, the lawsuit was removed to the Multi-District

22   Litigation (MDL) in Texas and stayed.  Dkt. 21.  The case was remanded back to this

23   court in January 2023.  Dkt. 26.  Plaintiff filed the SAC on July 14, 2023, eliminating the

24   class action allegations.  Dkt. 42.

25   **B.     Factual Background**

26        When considering this motion to dismiss, the court recounts facts as alleged in the

27   operative complaint.  John Muldoon presented to John Muir Medical Center, Concord

28   Campus on January 3, 2007 to undergo a left total hip arthroplasty performed by Dodgin.

United States District Court
Northern District of California

1   SAC ¶¶ 17–18.  During the surgery, Dodgin implanted a prosthetic medical device

2   system which contained a ceramic-on-metal bearing surface consisting of components

3   manufactured by DePuy.  Id. ¶ 19.

4        At some point after plaintiff's January 2007 surgery, but unbeknownst to him,

5   friction and wear between the ceramic head and cobalt-chromium metal liner began to

6   cause toxic cobalt-chromium metal ions and particles to be released into his body,

7   causing him various injuries.  Id. ¶ 21.

8        In August of 2014, Muldoon was evaluated by Louay Toma, M.D. for complaints

9   related to his hip.  Toma recommended and reviewed an MRI of the left hip and

10  recommended revision surgery to remove the implanted ceramic-on-metal bearing

11  surface.  Id. ¶ 23.  On October 15, 2014, Toma performed a revision surgery on plaintiff

12  and replaced the ceramic-on-metal device with a ceramic-on-plastic one.  Id. ¶ 25.

13       Plaintiff contends that the original ceramic-on-metal implant caused him injuries

14  and that the DePuy defendants knew it was likely that the hip implant would fail early

15  necessitating revision surgeries.  Plaintiff also alleges DePuy entered into relationships

16  with orthopedic surgeons, such as Dodgin, to incentivize surgeons to use their hip

17  implants while concealing the risk of early failure of the device.

**DISCUSSION**

18

19  **A.   Legal Standard**

20       "Federal courts are courts of limited jurisdiction.  They possess only that power

21  authorized by Constitution and statute, which is not to be expanded by judicial decree.  It

22  is to be presumed that a cause lies outside this limited jurisdiction, and the burden of

23  establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen v.

24  Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).  The court is

25  under a continuing obligation to ensure that it has subject matter jurisdiction (see Fed. R.

26  Civ. P. 12(h)(3)), and a defendant may raise the defense of lack of subject matter

27  jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1).

28  **B.   Analysis**

United States District Court
Northern District of California

3

John Muir argues that this court does not have jurisdiction over the claims alleged against it. The parties agree that there is not complete diversity, so that diversity is no basis for jurisdiction. The parties dispute whether the court has jurisdiction based on a federal question, namely plaintiff's Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 ("RICO") claim. If the RICO claim as alleged against John Muir is dismissed, the parties agree that the court would lack jurisdiction to adjudicate the remaining claims against John Muir. See Opp. at 23.

As the parties agree that the viability of plaintiff's RICO claim as alleged against John Muir is essential for this court to retain jurisdiction over plaintiff's other claims against John Muir, the court first addresses that issue.

### 1. RICO's Statutory Standing Requirement

Defendant argues that RICO claims may not be brought for redress for personal injuries, but instead require injury to business or property. This argument is sometimes referred to as RICO's "statutory standing" requirement. Plaintiff declined to address this argument in his opposition.

### a. Legal Standard

Under RICO, "[a]ny person **injured in his business or property** by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court". 18 U.S.C. § 1964(c) (emphasis added).

"[T]o establish statutory standing pursuant to RICO, a plaintiff must show . . . that his alleged harm qualifies as injury to his business or property". Shulman v. Kaplan, 58 F.4th 404, 410 (9th Cir. 2023) (internal quotation marks omitted). "Without a harm to a specific business or property interest—a categorical inquiry typically determined by reference to state law—there is no injury to business or property within the meaning of RICO." Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005) (en banc); Glob. Master Int'l Grp., Inc. v. Esmond Nat., Inc., 76 F.4th 1266, 1274 (9th Cir. 2023) ("plaintiff must demonstrate (1) harm to a specific property interest cognizable under state law, and (2) that the injury resulted in 'concrete financial loss'") (citation omitted); City of Almaty v.

1   Khrapunov, 956 F.3d 1129, 1132 (9th Cir. 2020) ("To state a claim under RICO, a plaintiff

2   is required to show harm to a specific business or property interest, an inquiry 'typically

3   determined by reference to state law.'") (quoting Diaz, 420 F.3d at 900).  The injury must

4   be alleged based on a property interest recognized under state law.  "Financial losses, in

5   and of themselves, are insufficient to confer standing under RICO."  Living Designs, Inc.

6   v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 364 (9th Cir. 2005); see also Khrapunov,

7   956 F.3d at 1132 ("no state law indicating that voluntary expenditures to track down

8   stolen property constitutes a separate injury to property").

9        A plaintiff must also "satisfy the proximate cause inquiry."  That is, it must show

10  that the RICO claim's predicate act "was the actual cause of" the injury to property.

11  "Proximate cause requires 'some direct relation between the injury asserted and the

12  injurious conduct alleged.'"  Khrapunov, 956 F.3d at 1133 (quoting Holmes v. Secs. Inv'r

13  Prot. Corp., 503 U.S. 258, 268 (1992)).

14                    **b.    Analysis**

15       The essential question to determine whether plaintiff alleges statutory standing for

16  his RICO claim is what business or property interest recognized under state law was

17  injured.  John Muir moves to dismiss plaintiff's RICO claim based on plaintiff's failure to

18  allege this element, and plaintiff entirely fails to respond to the argument.  Because he

19  fails to address the argument entirely, plaintiff's opposition points to no such state-based

20  property interest identified in the complaint, nor can this court identify any.  Plaintiff plainly

21  alleges various personal and pecuniary injuries.  See, e.g., SAC ¶¶ 80–85.  Among them

22  are expenses he incurred for surgeries, related costs, and resulting financial losses.  Id.

23  ¶ 83; see also, e.g., id. ¶¶ 84, 93–94, 113–14, 127–28 & 138–39.  But the court's

24  unassisted review of the complaint on this question has failed to identify any allegations

25  of harm to a specific business or property interest cognizable under state law.  See

26  Indep. Towers of Wash. v. Washington, 350 F.3d 925, 929 (9th Cir. 2003) ("Judges are

27  not like pigs, hunting for truffles buried in briefs.") (quoting United States v. Dunkel, 927

28  F.2d 955, 956 (7th Cir. 1991)).

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Moreover, because plaintiff does not address the issue at all in his opposition, he concedes that he cannot state a claim under the RICO statute for failure to allege an injury to a business or property interest.  See Jenkins v. Cnty. of Riverside, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff "abandoned . . . two claims by not raising them in opposition to the . . . motion for summary judgment"); see also Qureshi v. Countrywide Home Loans, Inc., 2010 WL 841669, *6 n.2 (N.D. Cal. Mar. 10, 2010) (dismissing claims without leave to amend because plaintiff's failure to address arguments in its opposition brief constituted an "abandonment of those claims").

Finally, in addition to failing to address this issue based on the operative complaint, plaintiff "has failed to proffer . . . any additional facts he would plead if given the opportunity to amend.  Accordingly, amendment would be futile."  Stross v. Zillow, Inc., No. 22-36000, 2023 WL 8518904, at *2 n.2 (9th Cir. Dec. 8, 2023) (citing Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008) (denying leave to amend where plaintiffs "fail to state how they would amend the Complaint if given leave")).

## CONCLUSION

For the foregoing reasons, plaintiff's RICO claim (Claim 13) as alleged against John Muir is DISMISSED WITHOUT LEAVE TO AMEND.  As the parties agree that the RICO claim constituted the sole basis for this court's jurisdiction over plaintiff's remaining claims against John Muir, the court declines to exercise jurisdiction over those claims, and John Muir is DISMISSED from the action.

**IT IS SO ORDERED.**

Dated:  April 29, 2024

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

6