UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MULDOON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPUY ORTHOPAEDICS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-02723-PJH<br><br>**ORDER RE BRIEFING IRREGULARITIES**<br><br>Re: Dkt. No. 66 |

    Before the court is DePuy, Inc., Johnson & Johnson International, Inc., Johnson & Johnson Services, Inc., and Johnson & Johnson and Medical Device Business Services, Inc. f/k/a DePuy Orthopaedics, Inc.'s (together, "DePuy" or the "DePuy defendants") motion to dismiss.  Dkt. 53.  The court has received plaintiff's opposition to the motion.  Dkt. 66.  Plaintiff has opposed DePuy's motion, but plaintiff's opposition fails to comply with this court's rules governing filings.  Civil Local Rules 7-3(a) and 7-4(b) limit oppositions to 25 pages.  Civ. L.R. 7-3(a) & 7-4(b).  If a party desires additional pages, it must file a motion for administrative relief pursuant to Local Rule 7-11 requesting leave of court to exceed the page limits.

    Plaintiff has repeatedly violated this court's established page limits.  See Dkts. 64 & 66.  The violation reflected by plaintiff's 32-page brief found at docket 64, was excused by the court because that defendant did not object and in view of the much more serious violation found in the current briefing.  Plaintiff's opposition is 59 total pages with 52

1  pages of substantive text—more than double the permitted length.[1]  See Dkt. 66.  The
2  excessively-long filing at over double the page limit is truly egregious, and the court
3  cannot countenance such a flagrant rules violation, especially when unaccompanied by
4  a request to exceed the page limit or even an acknowledgment that a violation has been
5  committed.  See, e.g., Lemoon v. California Forensic Med. Grp., Inc., 575 F. Supp. 3d
6  1212, 1229 (N.D. Cal. 2021).  Allowing such a lengthy opposition while DePuy's motion
7  and reply briefs conform with the court's well-established page limits is prejudicial to
8  DePuy, and plaintiff has not even attempted to offer a justification for such prejudice.
9      In view of the page limit violation, the court will read the first 25 pages of the
10 opposition and strike the remaining 27 pages of substantive text.  In the alternative, the
11 court will offer plaintiff the opportunity to rewrite the opposition brief to conform to
12 established page limits.  Because the latter option may visit upon the defendants an
13 unnecessary burden, should plaintiff choose to rewrite his opposition plaintiff will be
14 assessed the costs of defendants' revision of their reply should that become
15 necessary.  Defendants may, however, choose to stand on their compliant reply brief and
16 are not required to file a revised brief.
17     Plaintiff must notify the court of his election on or before Friday, May 3.  He shall
18 file his revised opposition brief, should he choose to do so, on or before May 10.  DePuy
19 shall file a new reply, if it so chooses, on or before May 17, or notify the court that it
20 stands on its original brief.
21     For the foregoing reasons, the court hereby VACATES the May 9, 2024, hearing
22 and will decide the motion on the papers.
23     **IT IS SO ORDERED.**
24 Dated: April 30, 2024

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

---

[1] Plaintiff's opposition was also filed late, which is another ground to strike the filing.  See Goings v. Elliot, No. 08-cv-2544-PJH, 2010 WL 9474665 (N.D. Cal. Mar. 19, 2010).