1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    JOHN MULDOON,
                                         Case No.  15-cv-02723-PJH
8              Plaintiff,

9         v.                             **ORDER GRANTING DAVID DODGIN'S
                                         MOTION TO DISMISS PLAINTIFF'S
10   DEPUY ORTHOPAEDICS, INC., et al.,    RICO CAUSE OF ACTION**

11             Defendants.               Re: Dkt. No. 98

12

13

14        Before the court is defendant David Dodgin's motion to dismiss plaintiff's

15   Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 ("RICO")

16   cause of action as alleged against him.  Dkt. 98.  The matter is fully briefed and suitable

17   for decision without oral argument.  Having read the parties' papers and carefully

18   considered their arguments and the relevant legal authority, and good cause appearing,

19   the court hereby rules as follows.

20                              **BACKGROUND**

21        This action was filed by plaintiff John Muldoon on June 17, 2015, as a class action.

22   Dkt. 1.  With motions to dismiss pending, the lawsuit was removed to the Multi-District

23   Litigation and stayed.  Dkt. 21.  The case was remanded back to this court on

24   January 17, 2023.  Dkt. 26.  Plaintiff filed a second amended complaint ("SAC") on

25   July 14, 2023, eliminating the class allegations.  Dkt. 42.

26        The SAC alleged eighteen causes of action against numerous defendants, all

27   relating to damages plaintiff alleges he suffered from his hip-replacement surgery

28   conducted in 2007.  The named defendants were Dr. David Dodgin, M.D. (the surgeon

United States District Court
Northern District of California

1    who performed the hip implant procedure in 2007), John Muir Health (the facility at which

2    the 2007 procedure was performed),[1] and Medical Device Business Services, Inc. f/k/a

3    DePuy Orthopaedics, Inc., DePuy, Inc., Johnson & Johnson, Johnson & Johnson

4    Services, Inc., and Johnson & Johnson International (the entities responsible for

5    producing and/or manufacturing the hip components that were used).

6         On April 30, 2024, this court granted Dodgin's motion to dismiss plaintiff's RICO

7    cause of action (Claim 13 of the SAC) as alleged against him.  Dkt. 76.  The court

8    granted plaintiff leave to amend "to include allegations establishing statutory standing and

9    identifying with particularity Dodgin's role and actions in the alleged enterprise".  Id. at 19.

10   On October 18, 2024, plaintiff filed his third amended complaint ("TAC").  Dkt. 90.  The

11   TAC includes, as its eighth cause of action, a RICO claim alleged against all defendants,

12   including Dodgin.  Id. at 31.

13        On December 2, 2024, Dodgin filed the present motion to dismiss the RICO cause

14   of action from the TAC.  Dkt. 98.  The motion is fully briefed.  See Dkt. 103 (Opp.);

15   Dkt. 107 (Reply).

16                                    **DISCUSSION**

17   **A.    Legal Standard**

18        A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the

19   legal sufficiency of the claims alleged in the complaint.  Ileto v. Glock, 349 F.3d 1191,

20   1199–1200 (9th Cir. 2003).  A complaint may be dismissed if the plaintiff fails to state a

21   cognizable legal theory or has not alleged sufficient facts to support a cognizable legal

22   theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

23        While the court is to accept as true all the factual allegations in the complaint,

24   legally conclusory statements not supported by actual factual allegations need not be

25   accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).  The complaint must proffer

26   sufficient facts to state a claim for relief that is plausible on its face.  Bell Atl. Corp. v.

27

28   _____

[1] John Muir Health has since been dismissed from the case.  Dkt. 74.

United States District Court
Northern District of California

1    Twombly, 550 U.S. 544, 555, 558–59 (2007).

2              "A claim has facial plausibility when the plaintiff pleads factual content that allows

3    the court to draw the reasonable inference that the defendant is liable for the misconduct

4    alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court

5    to infer more than the mere possibility of misconduct, the complaint has alleged—but it

6    has not 'shown'—that the pleader is entitled to relief." Id. at 679.

7              Because plaintiff's RICO claim sounds in fraud, that claim must also meet the

8    heightened pleading standard of Federal Rule of Civil Procedure 9(b). See Kearns v.

9    Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). Rule 9(b) requires a party alleging

10   fraud or mistake to state with particularity the circumstances constituting fraud or mistake.

11   To satisfy this standard, the "complaint must identify the who, what, when, where, and

12   how of the misconduct charged, as well as what is false or misleading about the

13   purportedly fraudulent statement, and why it is false." Salameh v. Tarsadia Hotel, 726

14   F.3d 1124, 1133 (9th Cir. 2013) (internal quotation marks omitted). "Allegations of fraud

15   under [RICO] section 1962(c) 'must identify the time, place, and manner of each fraud

16   plus the role of each defendant in each scheme.'" Moore v. Kayport Package Exp., Inc.,

17   885 F.2d 531, 541 (9th Cir. 1989) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture

18   Co., 806 F.2d 1393, 1401 (9th Cir. 1986)).

19             Review is generally limited to the contents of the complaint, although the court can

20   also consider a document on which the complaint relies if the document is central to the

21   claims asserted in the complaint and no party questions the authenticity of the document.

22   See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). The court may also consider

23   matters that are properly the subject of judicial notice. Knievel v. ESPN, 393 F.3d 1068,

24   1076 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001).

25             If dismissal is warranted, it is generally without prejudice unless it is clear that the

26   complaint could not be saved by amendment. Polich v. Burlington N., Inc., 942 F.2d

27   1467, 1472 (9th Cir. 1991). "Leave to amend may also be denied for repeated failure to

28   cure deficiencies by previous amendment." Abagninin v. AMVAC Chem. Corp., 545 F.3d

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1  733, 742 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

2  **B.    Analysis**

3          "To state a civil RICO claim under 18 U.S.C. § 1964(c), a plaintiff must allege

4  '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known

5  as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" Abcarian v.

6  Levine, 972 F.3d 1019, 1028 (9th Cir. 2020) (quoting Grimmett v. Brown, 75 F.3d 506,

7  510 (9th Cir. 1996)).

8          Dodgin argues that plaintiff's complaint fails to state a RICO claim as a matter of

9  law because it fails to allege an enterprise, predicate acts, and injury to property or

10  business.  Muldoon argues that he has adequately alleged those elements.  The court

11  turns first to predicate acts.

12          **1.    Whether the TAC Adequately Alleges Predicate Acts**

13          Plaintiff argues that he alleges Dodgin committed predicate acts by committing

14  mail fraud and wire fraud.  Mail fraud occurs whenever a person, "having devised or

15  intending to devise any scheme or artifice to defraud," uses the mail "for the purpose of

16  executing such scheme or artifice or attempting so to do."  Bridge v. Phoenix Bond &

17  Indem. Co., 553 U.S. 639, 658 (2008) (citing 18 U.S.C. § 1341).  "The elements of mail

18  fraud and wire fraud are essentially identical:  the government must show (1) a scheme to

19  defraud, (2) the use of either the mail or wire, radio, or television to further the scheme,

20  and (3) the specific intent to defraud."  United States v. Brugnara, 856 F.3d 1198, 1207

21  (9th Cir. 2017).  "[W]ire fraud requires the intent to deceive *and* cheat — in other words,

22  to deprive the victim of money or property by means of deception."  United States v.

23  Miller, 953 F.3d 1095, 1103 (9th Cir. 2020).

24          "Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with

25  particularity the time, place, and manner of each act of fraud, plus the role of each

26  defendant in each scheme.  The Ninth Circuit has repeatedly insisted that this rule be

27  followed in RICO actions alleging the predicate act of mail fraud."  Lancaster Cmty. Hosp.

28  v. Antelope Valley Hosp. Dist., 940 F.2d 397, 405 (9th Cir. 1991) (citation omitted)

United States District Court
Northern District of California

1  (allegations that defendant "used the mails to submit claims for reimbursement to state

2  and federal health care financing agencies for services rendered to patients . . . pursuant

3  to illegal kickback schemes" were "insufficient" where "no specific mailings are

4  mentioned").  Moreover, "the pleader must state the time, place and specific content of

5  the false representations as well as the identities of the parties to the misrepresentation."

6  Miscellaneous Serv. Workers v. Philco-Ford Corp., 661 F.2d 776, 782 (9th Cir. 1981);

7  accord Schreiber Distributing Co. v. Serv-Well Furniture, 806 F. 2d 1393, 1401 (9th

8  Cir. 1986) (same).

9        Plaintiff argues that he adequately alleges Dodgin committed a predicate act by

10  submitting "claims for payment to various insurers that contained false, fraudulent, and

11  misleading charges."  Opp. at 14 (citing TAC ¶¶ 80–83).  But the TAC's allegations on

12  this point are so general and lacking in particulars that they fail to satisfy the heightened

13  pleading requirements or Rule 9(b).  For example, the complaint does not allege (and

14  plaintiff's opposition does not argue) the timeframe during which Dodgin allegedly

15  submitted false claims to "various insurers".  See Opp. at 14–15 (citing TAC ¶¶ 81–84).

16  Nor has plaintiff alleged the identities of those involved in the alleged transmissions.

17  Plaintiff merely alleges that Dodgin submitted false "claims for payment to various

18  insurers".  Id. (citing TAC ¶ 81).  Even with respect to Dodgin's surgery on Muldoon

19  himself, the complaint alleges that Dodgin recorded a different serial number on the

20  "implant log" than the serial number that was on the device actually used, but the

21  complaint fails to allege any details about the transmission of that log.  See TAC ¶ 24.

22  Instead, the complaint only vaguely refers to Muldoon's "insurance company(ies)" in such

23  a manner that fails to specify any actual recipient of Dodgin's allegedly-fraudulent

24  mailings (or even how many such recipients might exist).  See id. ¶ 82.  Such vagueness

25  and lack of specificity as to who received the offending transmissions—which form the

26  core of the RICO claim's predicate acts—fail to satisfy Rule 9(b)'s requirement that

27  plaintiff's allegations be made "with particularity".  Fed. R. Civ. P. 9(b); see Miscellaneous

28  Serv. Workers, 661 F.2d at 782 ("pleader must state . . . the identities of the parties to the

1    misrepresentation"); Schreiber Distributing Co., 806 F. 2d at 1401 (same).

2            Plaintiff next argues that his complaint adequately alleges RICO predicate acts by

3    alleging that "Defendants utilized the U.S. Mail and wires to exchange money, written

4    agreements between them and the hospitals to which Depuy sold its medical devices,

5    transmitted fraudulent and fabricated clinical data and marketing materials to each other

6    and to victims . . . to support their false claims about the efficacy of the Depuy

7    Components, to plan and devise the steps to be taken by each regarding the

8    implementation of their fraudulent scheme, and to execute together each part of their

9    illegal plan and scheme."  Opp. at 15 (citing TAC ¶ 210).

10           The complaint only generally alleges that the defined term "Defendants" "utilized

11   the U.S. Mail and wires", which fails to allege which particular defendant did which act.

12   See TAC ¶ 210.  It further alleges at a very abstract level that the wires were used to

13   "exchange money" and "written agreements" between all "Defendants" and unidentified

14   "hospitals".  Id.  It further alleged that "fraudulent and fabricated clinical data" was

15   transmitted "to each other [each Defendant] and to victims such as Mr. Muldoon and

16   many other unwitting patients".  Id.  Plaintiff's pleading does not identify any specific

17   individual or entity that was party to such transmissions (referring instead to the defined

18   term "Defendants" collectively and "hospitals" and "patients" as collective abstractions),

19   and the complaint even fails to identify the particular defendant that transmitted fabricated

20   clinical data directly to plaintiff.

21           At bottom, the pleading assumes—rather than alleging with particularity—that

22   Dodgin must have transmitted some false information over the mail and wires to advance

23   his alleged scheme.  But such abstract pleading based on suppositions rather than

24   particular circumstances fails to satisfy Rule 9(b)'s requirement that plaintiff's allegations

25   be made "with particularity".  Fed. R. Civ. P. 9(b); see Lancaster Cmty. Hosp., 940 F.2d

26   at 405 (allegations that defendant "used the mails to submit claims for reimbursement to

27   state and federal health care financing agencies for services rendered to patients . . .

28   pursuant to illegal kickback schemes" were "insufficient" where "no specific mailings are

United States District Court
Northern District of California

6

1   mentioned"). Given the above general and vague allegations, the complaint does not

2   offer specific allegations as to what defendant used the mail or wires, what specific

3   impermissible conduct was carried out over the wires or mail, or when such conduct

4   occurred. Such allegations fail to satisfy Rule 9(b)'s pleading requirements. In view of

5   this finding, the court need not address the other elements of a RICO cause of action.

6   Accordingly, plaintiff's RICO cause of action as alleged against Dodgin is DISMISSED.

7           **2.      Whether Plaintiff Should Be Given Leave to Amend**

8           Dodgin argues that dismissal of plaintiff's RICO cause of action should be with

9   prejudice, as plaintiff has had "ten years and four attempts" to "set forth facts that

10   constitute a cause of action for RICO." Reply at 9. Plaintiff argues that if his RICO cause

11   of action against Dodgin is dismissed, it "can be readily cured by amendment" and

12   therefore he "should be allowed leave to amend the TAC". Opp. at 20. Plaintiff offers no

13   explanation as to how his defective pleading can be cured by amendment.

14           Federal Rule of Civil Procedure 15(a)(1) entitles a plaintiff the right to "amend its

15   pleading once as a matter of course" before responsive pleadings are filed. Fed. R. Civ.

16   P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing

17   party's written consent or the court's leave. The court should freely give leave when

18   justice so requires." Fed. R. Civ. P. 15(a)(2).

19           Denial of leave to amend is appropriate "where the district court could reasonably

20   conclude that further amendment would be futile." Sylvia Landfield Tr. v. City of Los

21   Angeles, 729 F.3d 1189, 1196 (9th Cir. 2013) (citing Allwaste, Inc. v. Hecht, 65 F.3d

22   1523, 1530 (9th Cir. 1995)). "Leave to amend may also be denied for repeated failure to

23   cure deficiencies by previous amendment." Abagninin, 545 F.3d at 742. Further,

24   dismissal with prejudice is appropriate "when the movant presented no new facts but only

25   'new theories' and 'provided no satisfactory explanation for his failure to fully develop his

26   contentions originally.'" Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990)

27   (quoting Vincent v. Trend Western Technical Corp., 828 F.2d 563, 570–71 (9th

28   Cir. 1987)).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Plaintiff asserted a RICO cause of action against Dodgin in his first complaint filed

2  on June 17, 2015.  Dkt. 1.  The cause of action was stated again in his first amended

3  complaint.  Dkt. 10.  Dodgin first moved to dismiss the RICO cause of action on July 16,

4  2015.  Dkt. 18.  The case was transferred to the MDL before the motion was resolved,

5  but plaintiff filed his second amended complaint on July 14, 2023, with the benefit of

6  knowing Dodgin's arguments concerning the RICO claim.  Dkt. 42.  Dodgin again moved

7  to dismiss the RICO cause of action (Dkt. 50), which the court granted (Dkt. 76).  Plaintiff

8  was given leave to amend to cure deficiencies in the pleading with respect to allegations

9  supporting statutory standing and the specificity of allegations identifying the "specific

10  conduct . . . at issue in this action", "which actor plaintiff alleges committed which act",

11  and "the 'time, place, and manner' of the fraud actually alleged in the complaint".  Dkt. 76

12  at 9.  Plaintiff subsequently filed a third amended complaint (Dkt. 90), which as described

13  above again failed to plead the "specific conduct . . . at issue in this action", "which actor

14  plaintiff alleges committed which act", and "the 'time, place, and manner' of the fraud

15  actually alleged in the complaint" with the specificity required under Rule 9(b).

16    Plaintiff has had multiple opportunities to cure the very deficiencies still present in

17  his pleading.  Furthermore, his most recent opportunity to amend was presented with an

18  explanation of the SAC's deficiencies.  In response, rather than pleading facts identifying

19  specific predicate acts, plaintiff's most recent amendment largely presented "only 'new

20  theories' and 'provided no satisfactory explanation for his failure to fully develop his

21  contentions originally.'"  Allen, 911 F.2d at 374 (quoting Vincent, 828 F.2d at 570–71).

22    As plaintiff has repeatedly failed to cure deficiencies by previous amendment, and

23  as the court concludes that further amendment would be futile, plaintiff's request for leave

24  to amend the complaint is DENIED.

25                              **CONCLUSION**

26    For the foregoing reasons, Dodgin's motion to dismiss the RICO cause of action is

27  GRANTED.  Plaintiff's eighth cause of action under the RICO statute as asserted against

28  / / /

1    Dodgin is DISMISSED WITH PREJUDICE.

2        **IT IS SO ORDERED.**

3    Dated:  February 3, 2025

4                                          /s/ Phyllis J. Hamilton
                                           PHYLLIS J. HAMILTON
5                                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28